837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ARACHNID, INC., Plaintiff-Appellee,
v.
INDUSTRIAL DESIGN ELECTRONICS ASSOCIATES, INC., Donald P.
Devale, Bonita J. DeVale, Defendants,
Kidde Recreation Products, Inc., Defendant-Appellant.
 No. 87-1346.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1987.
 
 Before EDWARD S. SMITH, NIES, and ARCHER, Circuit Judges.
 DECISION
 NIES, Circuit Judge.
 
 
 1
 Kidde Recreation Products, Inc., appeals from the order of the United States District Court for the Western District of Wisconsin directing Kidde to assign title to United States Patent No. 4,516,781 ('781 patent) to Arachnid, Inc. A party may appeal an interlocutory order granting an injunction under 28 U.S.C. Sec. 1292(c)(1) (1982). In such an interlocutory appeal, we address only so much of the merits as necessary to review the order. 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 110.25, at 269-70 (2d ed. 1986). We affirm.
 
 OPINION
 
 2
 * The appealed order rests upon a determination that the invention of the '781 patent was conceived under a contract between Arachnid and Kidde. Arachnid develops and manufactures electronically scored dart games. After experiencing problems with its games, Arachnid hired defendant Industrial Design Electronics Associates, Inc. (IDEA), whose president and vice-president were Donald and Bonita DeVale, respectively, to improve the games. In 1980, Arachnid and IDEA entered a "Consultant Engineering Personal Service Agreement," under which IDEA agreed to assign title to Arachnid for "[a]ny inventions conceived by IDEA or its employees ... in the course of the project." The contract was terminated on January 26, 1982, and employees of IDEA filed a patent application for a dart game using two microcomputers, rather than one as in Arachnid's games, on November 17, 1982. That application issued as the '781 patent. Kidde bought IDEA's assets, including the '781 patent, from a bankruptcy trustee in 1986. Alleging the IDEA conceived the dual microcomputer invention during its work under the contract, Arachnid sued for assignment of the '781 patent and for infringement of a second United States patent, No. 4,057,251, owned by Arachnid.
 
 
 3
 Following trial, a jury found that IDEA had conceived the invention while under contract to Arachnid. Judge Crabb viewed that jury finding as advisory on the equitable claim of entitlement to an injunction. Nevertheless, she agreed with the jury's finding and, accordingly, granted injunctive relief requiring Kidde to assign the '781 patent to Arachnid. Arachnid, Inc. v. Industrial Design Elecs. Assocs., Inc., No. 85-C-338-C (Order Entered Apr. 24, 1987).*
 
 II
 
 4
 Kidde argues that the injunction must be set aside because the court's decision to treat the jury verdict as advisory constitutes reversible error. Assuming that were true, however, the jury's finding would also support the order. Thus, Kidde also attacks the jury's verdict on the ground of an improper instruction. That attack, if successful, would mean the jury's verdict would be set aside, carrying the order with it.
 
 
 5
 The trial court defined "conception" of an invention in its jury instruction as follows:
 
 
 6
 To conceive an invention means to complete the mental act of formulating the invention. It does not mean putting the invention into practice or building a working model. If you find that [Arachnid] has proven by a preponderance of the evidence that defendant IDEA had determined before January 26, 1982, that using two microcomputers as opposed to one would eliminate scoring problems on electronically scored dart games, then you should answer yes to question number 2 [Was the patented dual microcomputer invention conceived by IDEA before January 26, 1982?].
 
 Kidde's proposed instruction reads:
 
 7
 The conception of the invention is the complete performance of the mental part of the inventive act. All that remains to be accomplished, in order to perfect the act or instrument, belongs to the department of construction, not invention. It is therefore the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention, as it is thereafter to be applied in practice, that constitutes available conception within the patent law.
 
 
 8
 Kidde admits that the first two sentences of the instruction given are "substantially correct," but argues that the third sentence is "a total misstatement of the established law." We do not agree. The third sentence is merely a fact-specific application of the general law of conception. Moreover, comparing the two instructions as a whole, we find no substantial difference between the given instruction and that proposed by Kidde. Accordingly, we find no prejudicial legal error in the court's jury instruction. Jamesbury Corp. v. Litton Indus.Prods., Inc., 756 F.2d 1556, 1558, 225 USPQ 253, 255 (Fed.Cir.1985).
 
 
 9
 On the merits, Kidde argues that the record is devoid of direct evidence proving that IDEA conceived of the '781 invention during the contract. Contrary to Kidde's view, however, circumstantial evidence supports a finding of such conception. In particular, Donald DeVale met with his patent lawyers to commence an application for a patent on the dual microprocessor in June, 1982. During that meeting, DeVale provided drawings labeled with IDEA's project number for its Arachnid work. Although reasonable minds might differ on the inference to be drawn from this and other corroborative evidence, the evidence is such that the court's finding of conception is not clearly erroneous. Fed.R.Civ.P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous"). A fortiori, we are not convinced that a jury of reasonable persons could not have reached a verdict for Arachnid. Therefore, because the finding is supported under either standard, the order directing Kidde to transfer cannot be overturned. We need not address the issue of whether the court erred in treating the jury's verdict as advisory on the equitable claim because Kidde has shown no prejudice. Its vague assertions that it might have tried the case differently are wholly unpersuasive in the circumstances here.
 
 III
 
 10
 Having considered each of Arachnid's arguments on appeal, we remain unconvinced of reversible error. Accordingly, we affirm the court's order requiring Kidde to assign the '781 patent to Arachnid.